*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 17, 2024
10:42 AM

Plaintiff-Appellee,

v

No. 364301
Jackson Circuit Court
LC No. 20-004354-FC

MAXXIM BALTHAZAR WELLS,

Defendant-Appellant.

Before: YATES, P.J., and CAVANAGH and MARIANI, JJ.

PER CURIAM.

Defendant, Maxxim Balthazar Wells, pleaded no contest to a single charge of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a), in exchange for dismissal of two charges of first-degree criminal sexual conduct, one charge of second-degree criminal sexual conduct, and one charge of CSC-III. The trial court sentenced defendant above the sentencing guidelines range to a prison term of 10 years to 15 years. On appeal by leave granted,[1] defendant contends that the trial court did not provide a sufficient explanation for exceeding the guidelines range. Because we agree that the trial court did not offer an adequate explanation for the sentence it imposed, we must remand the case for a more complete explanation of the reasons for the above-guidelines sentence or a resentencing hearing.

## I. FACTUAL BACKGROUND

On June 8, 2020, defendant's aunt contacted the authorities to report years of sexual abuse committed by defendant on his three younger female cousins. The youngest cousin (ZG), then 12 years old, was hesitant to come forward because she loved her family and was scared. ZG reported that her cousin, defendant (then 17 years old), touched her butt with his penis multiple times when she was sleeping at her aunt's or their grandparents' house. ZG's mother then spoke to her older daughters. Both TG (then 15 years old) and NG (then 16 years old) explained that the same things

---

[1] *People v Wells*, 512 Mich 928 (2023).

had happened to them. NG went further, saying that it had been happening for years and that the abuse had started at the church they attended when the rest of the family was off doing other things.

In July 2020, the three girls were interviewed separately at the Jackson County Advocacy Center. All three disclosed multiple instances of repeated anal and oral penetration by defendant. Each of the girls recounted stories of spending the night at their aunt's house or their grandparents' home, where defendant came into the room where they were sleeping and touched their breasts or their butts. On most occasions, the girls woke up to defendant standing over them or in the midst of the assault. The sexual assaults occurred for more than 4 and a half years, and they began when the girls were between 7 and 11 years of age. None of the girls had any knowledge that defendant was sexually assaulting anyone else, much less their own sisters.

When confronted, defendant admitted to behaving inappropriately with ZG and stated that he was sorry and afraid to get in trouble. Defendant advised a police officer that the incidents were consensual and he did not ejaculate at any time. Defendant was charged with four CSC felonies, but he struck a deal and entered a no-contest plea on May 13, 2022, to a single charge of CSC-III in exchange for the dismissal of the other CSC charges. Defendant acknowledged that he would be sentenced as an adult and required to register as a sex offender. At the sentencing hearing on June 23, 2022, the trial court determined that the sentencing guidelines range was 36 to 60 months, but the trial court imposed a prison sentence of 10 to 15 years for CSC-III and required defendant to register as a sex offender. On September 13, 2023, our Supreme Court remanded "this case to the Court of Appeals for consideration as on leave granted." *People v Wells*, 512 Mich 928 (2023). Accordingly, we shall consider defendant's challenge to his sentence.

## II. LEGAL ANALYSIS

On appeal, defendant presents two challenges to his sentence. First, he faults the trial court for failing to take his age into account as a mitigating factor. Second, he contests the trial court's decision to impose a minimum prison term well above the sentencing guidelines range. We review de novo whether the trial court properly interpreted and applied the sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). Whether a trial court imposed a sentence that is proportionate to the offender and the offense is reviewed for an abuse of discretion. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). A trial court abuses its discretion when it imposes a sentence that is disproportionate to the seriousness of the circumstances of the offense and the offender. *Id*. at 471-472. A sentence that exceeds the sentencing guidelines range is reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). We review "the reasonableness of a sentence for an abuse of the trial court's discretion." *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). Here, we conclude that the trial court did not provide a sufficient explanation for the above-guidelines sentence that it imposed.

The trial court chose a 10-year minimum term of imprisonment, which was well above the prescribed sentencing guidelines range of 36 to 60 months. When a trial court imposes a sentence above the applicable guidelines range, we review the trial court's exercise of sentencing discretion for reasonableness. *Steanhouse*, 500 Mich at 471. A sentence is reasonable if it is proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). "Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing," the guidelines "serve as a

'useful tool' or 'guideposts' for effectively combating sentencing disparity." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017). Sentencing courts do not need to articulate substantial and compelling reasons to exceed the sentencing guidelines, but they have to "continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 391-392. The sentencing court "must justify the sentence imposed in order to facilitate appellate review." *Id.* at 392. "This includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008).

Here, the trial court offered the following comments to explain the sentence it imposed:

"Guidelines, 36 to 60 months. The Court does not believe that the guidelines accurately reflect that you have systematically sexually assaulted the three female cousins, taking them from the oldest down to the youngest when they're many years young. We're talking about 12, 13, sometimes a little younger than that."

\* \* \*

"Certainly under the circumstances, the guidelines of 36 to 60 months do not – (undecipherable) – what you did here over the period of years with three other young individuals and what you've done to their life. The sentence about to be imposed by the Court, the Court thinks[,] is proportionate then under all the circumstances."

For those reasons, the trial court sentenced defendant to serve a prison term of 10 to 15 years with 43 days of jail credit.

Defendant claims the sentencing guidelines accounted for every concern cited by the trial court in imposing a minimum prison term well above the sentencing guidelines range of 36 to 60 months. Specifically, defendant refers to the scoring of offense variable (OV) 3, OV 4, OV 8, and OV 13 as proof that the trial court's grounds for departure were impermissible because the conduct cited by the trial court was subsumed under the scoring of those offense variables. OV 3 considers "physical injury to [the] victim[,]" MCL 777.33, and it was scored at 5 points based on the bleeding caused by anal penetration. OV 4 refers to "psychological injury" to the victim, MCL 777.34, and it was scored at 10 points because the victim met with a counselor to address her emotional injury resulting from defendant's sexual assaults. OV 8 refers to "asportation or captivity" of the victim, MCL 777.38, and it was scored at 15 points because defendant moved the victim into safe places to be alone. Finally, OV 13 considers "a pattern of felonious criminal activity involving 3 or more crimes against a person[,]" and it was scored at 25 points for conduct that happened three or more times to the victim of the offense of conviction. MCL 777.41 and MCL 777.43. The presentence investigation report confirms that defendant's "victim involves just one of his three blood related victims that he repeatedly sexually assaulted for a period of at least 4.5 years . . . ." Therefore, the scoring of 25 points for OV 13 grossly understates the extent of defendant's "pattern of felonious criminal activity involving 3 or more crimes against a person." See MCL 777.43.

In imposing sentence on defendant, the trial court referred to the recommended minimum sentencing guidelines range of 36 to 60 months' imprisonment, but the trial court did not explain

why the 120-month minimum prison term it chose was more proportionate to the offense and the offender than a different sentence would have been. To be sure, the trial court identified factors that could readily support a minimum sentence above the prescribed guidelines range, but the trial court chose the longest permissible sentence of 10 years, as opposed to a lesser minimum prison term. Such an extraordinary prison term, i.e., double the upper end of the guidelines range, requires truly extraordinary circumstances coupled with an explanation of why the highest allowable prison term is warranted. Without such an explanation, this Court cannot conduct an informed review of the trial court's decision to exercise its sentencing discretion to the maximum degree permitted by Michigan law. Because this Court "cannot substitute its own judgment about why the departure was justified[, a] sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304. Therefore, we must remand the case to enable the trial court either to further explain the extraordinary minimum prison term or to resentence defendant.[2]

Remanded for either a further explanation of the sentence or resentencing. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Philip P. Mariani

---

[2] When the trial court explains the sentence it imposes or conducts a resentencing hearing, it "must consider a juvenile defendant's youth to be a mitigating factor when sentencing them to [a] term-of-years" prison sentence. *People v Boykin*, 510 Mich 171, 178; 987 NW2d 58 (2022).